IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,620-01 & 75,620-03






EX PARTE RICKEY WEBSTER, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 04F0507-102 & 08F0126-102 IN THE 102ND DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of a controlled substance and murder and sentenced to imprisonment for five and fifty years,
respectively. He did not appeal his convictions.

 Applicant contends, among other things, that his guilty pleas were involuntary because trial
counsel rendered ineffective assistance. Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order Applicant's trial counsel to respond to Applicant's
ineffective assistance of counsel claim. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's counsel was deficient and, if so, whether counsel's performance
rendered Applicant's pleas involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within ninety (90) days of this order. If any continuances are granted,
a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of
law, shall be returned to this Court within one hundred and twenty (120) days of the date of this
order. If available, the plea papers and a copy of the reporter's record of the plea proceedings shall
also be returned to this Court within one hundred and twenty (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: April 13, 2011

Do not publish